IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PATRICK JOSEPH TURNER, ET. AL. | * | CIVIL ACTION NO. 05-4206 |
| Plaintiffs | * | CONSOLIDATED CASE |
| | * | (ALL CASES) |
| VERSUS | * | SECTION "L" |
| | * | |
| MURPHY OIL USA, INC. | * | MAGISTRATE "2" |
| Defendant | * | |
| | * | FILED: _____ |

THIS DOCUMENT RELATES TO ALL CASES

---

### DEFENDANT MURPHY OIL USA, INC.'S OPPOSITION TO PLAINTIFFS' PROPOSED TRIAL PLAN

---

**MAY IT PLEASE THE COURT:**

In accordance with the Court's instructions, Murphy has carefully considered a proper trial plan in these consolidated proceedings. Murphy submits that the best plan in terms of efficiency and fairness is to conduct Bellwether trials. Under this approach, the parties would alternatively select trial plaintiffs. Each trial would fully adjudicate all issues, i.e., liability and damages of the particular trial plaintiff's case. Bellwether trials have been used successfully in the past to resolve mass tort cases. The Manual for Complex Litigation recommends the use of Bellwether trials in analogous circumstances.

Murphy submits it is extremely important to weed out unmeritorious claims through discovery before beginning Bellwether trials. This Court has recognized repeatedly that just because a property is within the Court's class boundaries does not mean the property at issue has

been affected. A Court approved sampling and testing program should begin on the perimeter of the Court's class area to determine which properties were actually affected by oil. Such a process will ensure that party and court resources are not wasted in trying unmeritorious claims.

Murphy hereby objects to the bifurcation plan proposed by plaintiffs because it violates the Seventh Amendment. See, e.g., *Allison v Citgo Petroleum Corp.*, 151 F.3d 402 (5th Cir. 1998) (the Seventh Amendment was violated by district court's partial certification where separate juries were to consider the same disputed issues); *Cimino v. Raymark Industries, Inc.*, 151 F.3d. 297 (5th Cir. 1998). The Seventh Amendment is violated because different juries would determine the same issue – causation – thereby leading to inconsistent results.

This problem is not cured by having the phase one trial decide "general causation" while the phase two jury decides "specific causation." The terms "general" and "specific" causation are foreign to Louisiana tort law, which is the law applicable to this case. The relevant causation concepts under Louisiana tort law are proximate cause (cause in fact), legal cause and comparative causation. *Long v. State Department of Transportation & Development*, 2004-0485 (La. 6/29/05), 916 So.2d 87, 101. In order to satisfy the Seventh Amendment the same jury must determine proximate cause, legal cause and comparative causation. The plaintiffs' plan improperly separates these determinations among multiple juries thereby violating the Seventh Amendment.

Additionally, Murphy specifically objects to the determination of the "approximate uniform methodology for assessing diminution in property value within the class area," . . . "the nature and extent of any property remediation owed by Murphy Oil to the plaintiff class as a whole," and "the nature and extent of groundwater remediation owed by Murphy Oil to the plaintiff class as a whole" during phase one of plaintiffs' trial plan. [Plaintiff's Proposed Trial Plan, § I. 5-7]

All of these issues are unique to each property owner within the class area and must be adjudicated as such. As this Court is well aware, some properties within the class area were not impacted by oil or water while others were inundated with over 10 feet of water. Some

properties were contaminated by sources other than Murphy Oil. Some properties on the higher ground (around St. Bernard Highway) are already being rebuilt while others at lower elevations likely will never be rebuilt under the current FEMA mitigation plans. These basic facts compel, at a minimum, individual trials on all damage issues, including property remediation and diminution in value.

                Respectfully submitted,

                LIAISON COUNSEL

                _____
                KERRY J. MILLER (#24562)
                **FRILOT, PARTRIDGE, KOHNKE**
                **& CLEMENTS, L.C.**
                1100 Poydras Street Suite 3600
                New Orleans, LA 70163
                Telephone: (504)599-8000

                GEORGE A. FRILOT, III (#57478)
                ALLEN. J. KROUSE, III (#14426)
                PATRICK J. McSHANE (#19055)
                FRILOT, PARTRIDGE, KOHNKE
                  & CLEMENTS
                1100 Poydras Street, Suite 3600
                New Orleans, LA 70163
                Telephone: (504) 599-8000
                Fax: (504) 599-8100

                And

                DANIEL L. DYSART (#5156)
                **DYSART & TABARY**
                3510 No. Causeway Blvd., Suite 600
                Metairie, LA 70002
                Telephone: (504)271-8011

                **Attorneys for Defendant Murphy Oil USA, Inc.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading has been served upon plaintiffs' liaison counsel via e-mail and/or United States Mail, properly addressed and postage pre-paid on this __1__ day of March, 2006.

_____