UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PATRICK JOSEPH TURNER, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 05-4206 |
| | | CONSOLIDATED CASE |
| MURPHY OIL USA, INC. | * | SECTION "L" (2) |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

## ORDER AND REASONS

A jury trial is scheduled to begin in this class action on Monday, August 14, 2006, at 8:30 a.m. The Court sought input from counsel regarding a trial plan and directed them to submit proposals. The Court is now in receipt of Plaintiffs' Proposed Trial Plan, Defendant's Proposed Trial Plan, and Defendant's Opposition to Plaintiffs' Proposed Trial Plan. The Court has reviewed these proposals and fashioned a trial plan for this matter. The Court issues the following reasons for the adoption of the Trial Plan.

### I. Plaintiffs' and Defendant's Proposed Trial Plans

In their proposed Trial Plan, Plaintiffs envision a trial in two phases in this matter. In Phase One, the Court would consider common issues of liability, common issues of damages, and relief for the trial plaintiffs. The named class representatives would appear on behalf of the entire class, and all decisions of the jury in Phase One would be binding on all plaintiff class members and all trial defendants. The following common issues of liability would be addressed by the jury: Murphy Oil's liability for the oil spill of August/September 2005, including both the Defendant's conduct and the causal relationship between its conduct and the event; liability of any third parties for the spill; the total amount of oil/chemicals spilled; and the content and composition of the oil spilled. Plaintiffs also ask the Court to include the following common

issues of damages in Phase One: the methodology for assessing diminution of property values on a class-wide basis, and the nature and extent of any property remediation and groundwater remediation owed to the class as a whole.

In Phase Two, Plaintiffs ask the Court to hold successive trials for individual plaintiffs, to be selected at a later date, whose claims would be instructive for class-wide purposes. These successive trials would address the amount of compensatory damages, if any, owed to each of the selected trial plaintiffs.

Defendant Murphy Oil opposes any bifurcation of the trial in this matter, and argues that the issues cannot be bifurcated without violating the Seventh Amendment. Instead of bifurcating the trial, Murphy Oil asks the Court to hold bellwether trials. Under Murphy's plan, the parties would alternatively select trial plaintiffs who would be fairly representative of a particular "zone" of the class area or of a particular type of damage, and each case would be tried fully to a single jury.

## II. Bifurcation of Issues for Trial and the Seventh Amendment

Before adopting any trial plan, the Court addresses the Defendant's argument that bifurcation would violate the Seventh Amendment. The Seventh Amendment provides in pertinent part that "the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States[.]" This is known as the Re-Examination Clause.

Rule 42(b) of the Federal Rules of Civil Procedure permits a court to order separate trials of separate claims or issues, when separate trials would further convenience, avoid prejudice, or expedite resolution of the dispute. The Fifth Circuit follows the standard articulated by the U.S.

Supreme Court in *Gasoline Products Company v. Champlin Refining Company*, 283 U.S. 494 (1931), to determine whether separate trials of certain issues would violate the Seventh Amendment. *Alabama v. Blue Bird Body Co.*, 573 F.2d 309, 318 (5th Cir. 1978). The Fifth Circuit has held that a partial trial "may not be 'properly resorted to unless it clearly appears that the issue to be tried is so distinct and separable from the others that a trial of it alone may be had without injustice.'" *Id.* (quoting *Gasoline Products*, 283 U.S. at 500).

The Fifth Circuit has warned that "separation of issues is not the usual course that should be followed[.]" *Castano v. American Tobacco Co.*, 84 F.3d 734, 750 (5th Cir. 1996). Thus, the Fifth Circuit has deemed impermissible a bifurcation that would sever a defendant's conduct from a plaintiff's comparative negligence, because such a plan would invite a second jury to revisit the first jury's findings concerning the defendant's conduct. *Id.* at 751. However, the Fifth Circuit has approved of bifurcated trial plans in which common issues of liability, negligence, and certain defenses are tried commonly, with causation, actual damages, and a plaintiff's or a third party's comparative fault tried individually. *See Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 628 (5th Cir. 1999) (citing specific cases of bifurcation); *Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468, 473-75 (5th Cir. 1986) (upholding a trial judge's finding that a class-wide trial on liability, with individual trials on damages, did not violate the Seventh Amendment). In particular, the Fifth Circuit has approved of the bifurcation of mass tort claims when issues of damages are left for a second trial. *Mullen*, 186 F.3d at 628-29.

In the present case, the Court believes that a Trial Plan can be fashioned in such a manner that a second jury will not be asked to re-examine the factual findings of the first jury. The efficiency of a bifurcated proceeding greatly outweighs the potential risk that such a proceeding

would violate the Seventh Amendment: as the Fifth Circuit stated in *Jenkins*, a bifurcated plan "is clearly superior to the alternative of repeating, hundreds of times over, the litigation of [the same issues] with ... days of the same witnesses, exhibits and issues from trial to trial." 782 F.2d at 473. The Court finds persuasive the model of *Watson v. Shell Oil Company*, 979 F.2d 1014, 1017-18 (5th Cir. 1992). In that case, the district court created a four-phase trial plan. *Id.* Phase One addressed common issues of liability. *Id.* at 1018. Phase Two involved the same jury on the issue of punitive damages, which is not relevant to this case. *Id.* In Phase Three, a different jury resolved issues of injury, specific causation, and quantum for each individual case. *Id.* These trials would be in "waves" of five, scheduled by the nature and extent of damages and the proximity to the accident. *Id.* In Phase Four, the trial court would determine the amount of punitive damages applicable to the entire class (again, not relevant here). *Id.*

The Court believes that a similar trial plan would best serve the parties' interests in efficient resolution of this dispute, and that such a plan would not violate the Re-Examination Clause of the Seventh Amendment. Phase One will address Murphy Oil's fault for the oil spill itself, that is, whether or not the oil spill was proximately caused by the actions of Murphy Oil. This will include the Plaintiffs' claims of negligence, strict liability, trespass, nuisance, and groundwater contamination. While Murphy Oil plans to raise a comparative fault defense, this defense involves the fault of third parties and not the Plaintiffs. Therefore, individualized trials will not be required, and the comparative fault defense can be addressed in the Phase One trial.

However, common issues of damages will not be included in Phase One of the trial, as Plaintiffs have requested. While Plaintiffs are free to present expert opinion and evidence regarding class-wide valuation of damages in Phase Two, these issues should not be addressed in

Phase One.

In Phase Two, if general liability is found in Phase One, a second jury would evaluate each individual plaintiff's claim. The second jury would determine the plaintiff's injury, if any, as well as specific causation and quantum. Further inquiry will be needed when and if Phase Two approaches to determine how to select the initial trial plaintiffs for this phase. Counsel potentially may select trial plaintiffs based upon their types of injury – personal injury, residential property damage, mental anguish, or business loss – or upon their proximity to the oil refinery, for example. The Court shall issue a more detailed Trial Plan for Phase Two when and if the phase becomes necessary.

### III. The Court's Approved Trial Plan

Accordingly, the Court adopts the following Trial Plan for the initial trials of this matter as a class action:

PHASE ONE: COMMON ISSUES OF LIABILITY AND GENERAL CAUSATION

1. The parties at trial shall be the named plaintiff class representatives, appearing for and on behalf of the entire class as defined by the Court, and the Defendant Murphy Oil USA, Incorporated.

2. The decisions of the jury in Phase One shall be binding upon all plaintiff class members and all trial defendants.

3. The common issues to be tried in Phase One are as follows:

    a. Defendant's liability, if any, for the oil spill in August or September 2005. This will include factual findings regarding the Defendant's conduct and the causal relationship between such conduct and the oil spill itself.

   b. Liability of any third parties for the spill and comparative fault defenses.

   c. The total amount or quantity of oil and/or chemicals spilled in connection with the August or September 2005 incident.

   d. The composition and contents of the spill.

4. The parties shall engage in pretrial motion practice to attempt to eliminate or limit certain claims and defenses, and to resolve evidentiary and *Daubert* issues. Unless otherwise disposed of during pretrial motion practice, the parties shall proceed to trial with all counts of the Administrative Master Complaint that were certified for class action treatment, including negligence, strict liability, nuisance, trespass, and groundwater contamination.

## PHASE TWO: SUCCESSIVE TRIALS ON SPECIFIC CAUSATION AND COMPENSATORY DAMAGES

1. This phase shall only take place if a jury finds the Defendant liable in whole or in part for general causation in Phase One. In addition, prior to Phase Two, the Court shall approve a procedure for selection of trial plaintiffs for this phase with the input of the parties. All attempts shall be made to select initial trial plaintiffs who are representative of certain types of damage or certain neighborhoods within the class area, such that the initial trials can serve as bellwether trials.

2. The parties in Phase Two shall be trial plaintiffs selected by a procedure to be approved at a later date, and Defendant Murphy Oil.

3. All remaining issues shall be tried individually during Phase Two, include the nature and extent of injury, Murphy's specific causation of the plaintiff's injury,

and the amount of compensatory damages, if any, owed to the plaintiff. Plaintiffs may present evidence in Phase Two regarding class-wide valuation of damages.

## IV. Conclusion

IT IS SO ORDERED.

New Orleans, Louisiana, this 3d day of March, 2006.

*[signature]*

UNITED STATES DISTRICT JUDGE