UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PATRICK JOSEPH TURNER, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 05-4206 CONSOLIDATED CASE |
| MURPHY OIL USA, INC. | * | SECTION "L" (2) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

THIS DOCUMENT RELATES TO ALL CASES

ORDER & REASONS

Before the Court is Defendant Murphy Oil USA, Inc.'s ("Murphy") Motion for a New Trial and to Alter or Amend the Judgment (Rec. Doc. 1103). For the following reasons, the motion is DENIED.

Murphy argues that it is entitled to a new trial as to the award of common-benefit fees and expenses in the Court's Final Judgment Pursuant to Rule 54(b) Approving Class Action Settlement and Award of Common-Benefit Fees and Expenses ("Final Judgment") as the award is contrary to the weight of the evidence. Murphy also moves pursuant to Federal Rules of Civil Procedure 52(b), 59(e), and 60 to alter or amend the Final Judgment as to the award of interest on common-benefit attorneys fees and expenses and to alter or amend the Court's Order & Reasons Approving the Class Action Settlement and Award of Common-Benefit Fees and Expenses ("Order & Reasons") to delete a statement regarding settlement compensation.[1] The Court

---

[1] As the Court finds that Murphy's arguments to alter or amend the Final Judgment and Order & Reasons lack merit, it need not determine which of these Rules of Civil Procedure is the appropriate procedural vehicle for this motion.

addresses each of these arguments in turn.

*1.     Motion for a New Trial on Common-Benefit Fees and Expenses*

Rule 59(a) of the Federal Rules of Civil Procedure provides that a new trial may be granted to any party on any issue in an action tried with or without a jury. In this case, the parties agreed, with the Court's approval, that the award of common-benefit fees and expenses would be submitted to the Court on briefs, as Rule 23 of the Federal Rules of Civil Procedure does not require a trial or evidentiary hearing on this issue. Thus, Rule 59(a) is not available to Murphy in this case, and the proper procedural vehicle is a Rule 59(e) motion to alter or amend a judgment.

In any event, the Court does not find that the judgment awarding common-benefit fees and expenses is against the weight of the evidence for the reasons previously stated by the Court in its Order & Reasons. Murphy did not file any statements opposing the amount of costs the PSC claims it incurred, nor did it formally request supporting documentation from the PSC. *See* Def.'s Resp. Opp'n to PSC Mot. for Common-Benefit Fees and Expenses (Rec. Doc. 922). After a review of the PSC's motion and attached exhibits, including the Affidavit of Dennis McCartney of the accounting firm Bourgeois Bennett, the Court found that the costs submitted were reasonable. Accordingly, the Court will not revisit the issue.

Nor will the Court re-examine the amount of hours expended by the PSC for work on this case. In its analysis of common-benefit fees, the Court stated in its Order & Reasons that it would employ the blended percentage method accompanied by a rough lodestar cross check. Thus, the specific amount of hours the PSC reported provided only a rough estimate. In fact, the Court concluded that the total number of PSC hours was probably under-reported because the

hours submitted only accounted for work ending on November 10, 2006 and did not include any hours related to the fairness hearing preparation or issues arising after final settlement approval, which have been significant. Additionally, a main contention of Murphy with the PSC's submission of hours is the inclusion of 2,874 "other hours." However, the Court did not include the 2,874 "other hours" in its rough lodestar crosscheck because it found that these hours accounted for secretarial work. (Order & Reasons 62.)

    2.    *Amendment of Judgment Regarding Interest on Common-Benefit Fees and Expenses*

Murphy also argues that the Final Judgment should be amended under Rules 52(b), 59(e), and 60 because the award of interest on the common-benefit fees and expenses is contrary to the parties' agreement and represents a material change to the Settlement Agreement. Murphy cites the following language from the Settlement Agreement in support of its contention:

> The amount of any award by the Court of any common benefit attorneys' fees and expenses shall be paid by the Compromising Defendants over and above the benefits provided to the Class set forth in Section VI above, within seven (7) days after the Final Settlement Date is reached. Under no circumstances shall the Compromising Defendants be required to make any further contribution to the settlement or to the Recovery Program on account of compensation to the PSC, private counsel for Class members, or administrative or other expenses associated with this settlement.

(Settlement Agt. § XII(4).)[2]  However, awards of attorneys' fees commonly include both the

---

[2] The Settlement Agreement defines the Final Settlement Date as:
> the date on which all of the following have occurred: (i) entry of the Final Order and Judgment consistent with this Agreement and (ii) finality of the Final Order and Judgment by virtue of that order having become final and nonappealable through (1) the expiration of all allowable appeal periods without an appeal having been filed or (2) final affirmance of the Final Order and Judgment on appeal or final dismissal or denial of all such appeals, including petitions for review, rehearing, reargument, mandamus or certiorari.

principal amount and the accrual of legal interest. Nothing in the Settlement Agreement language cited above provides that the award would not include legal interest in this case. Therefore, the Court will not amend the Final Judgment on this point.

3.   *Amendment of Order & Reasons Regarding Deletion of Statement*

Lastly, Murphy contends that the Order & Reasons should not include the statement that "the settlement compensates class members for crude oil damage to property only, and not for personal injury." (Order & Reasons 57.) Murphy suggests that the Order & Reasons should be amended under Federal Rules of Civil Procedure 52(b), 59(e), and 60 to delete this statement and substitute language providing that "the settlement here is to compensate class members primarily for crude oil damage to property, with personal injury claims being less significant." Def.'s Mem. Supp. Mot. 11.

The Order & Reasons must be read as a whole and one sentence cannot be read in isolation. The Court made the statement that the Settlement Agreement compensates the class for "property damage only" in the context of addressing the PSC's argument that customary contingent fees in personal injury suits are between 33% and 40%. It simply meant to distinguish the present case where property damage dominates from other tort litigation where there is generally no property damage and only personal injury claims exist. Reading this statement in the context of the entire decision, it is clear that a portion of the settlement award includes compensation for claims for personal injury and environmental damage, among other damages.

---

Settlement Agt. § II(13).

For example, the Final Judgment states that class members release any and all claims against Murphy, and the Order & Reasons clearly states that the class members sought claims for personal injury. (Order & Reasons 6, n. 5.) Additionally, the Order & Reasons states that "[t]he Court notes that the class members' claims were essentially property damage claims" when discussing the novelty and difficulty of the questions involved for determination of common-benefit fees. (Order & Reasons 57.) Accordingly, it is not necessary to amend the Order & Reasons.

For the foregoing reasons, IT IS ORDERED that the Defendant's motion is hereby DENIED.

New Orleans, Louisiana, this 28th day of February, 2007.

UNITED STATES DISTRICT JUDGE