UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PATRICK JOSEPH TURNER, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 05-4206<br>CONSOLIDATED CASE |
| MURPHY OIL USA, INC. | * | SECTION "L"(2) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

THIS DOCUMENT RELATES TO ALL CASES

### ORDER APPOINTING SPECIAL MASTER

On April 20, 2007, after due notice, the Court informed the parties in open court and on the record of its intent to appoint Judge Robert Klees as a Special Master in this proceeding under Fed. R. Civ. P. 53. *See* Transcript dated April 20, 2007. Having received no objections, by this Order, the Court now formally appoints Judge Klees as Special Master. This appointment is made pursuant to Rule 53 and the inherent authority of the Court. The Court sets forth below the circumstances giving rise to the appointment, and the duties and terms of the Special Master's appointment.

### I. BACKGROUND

On January 30, 2007, the Court approved of the settlement of this class action and granted the Plaintiffs' Steering Committee's ("PSC") motion for common benefit fees and expenses. *Turner v. Murphy Oil USA, Inc.*, 472 F. Supp. 2d 830 (E.D. La. 2007). The Court determined that a common benefit fee award of $33,746,241.88 was appropriate, plus $2,659,043.00 in expenses, with legal interest on these amounts until paid in full. *Id.* at 870. Pursuant to the settlement agreement, the Court ordered Murphy to pay these amounts. *Id.* The parties subsequently agreed

that Murphy would satisfy this obligation by depositing $35 million into the registry of the Court.

As is common practice, the Court allowed the PSC an opportunity to apportion the fee award among themselves. However, the Court retained jurisdiction "for purposes of supervising the allocation" and provided that if counsel "are unable to agree upon the apportionment, the Court will appoint a Special Master and his or her fee for services related to this issue will be paid out of the fee award for those who contest their allotment." *Id.* at 869-70.

It now appears that the parties are unable to amicably apportion the fee award among themselves. Accordingly, the Court hereby appoints Judge Robert Klees as Special Master to assist with the apportionment of the $35 million fee award.

## II.    SPECIAL MASTER'S DUTIES

Rule 53(a)(1)(B) states that the Court may appoint a special master to "hold trial proceedings and make or recommend findings of fact on issues to be decided by the Court without a jury," and Rule 53(a)(1)(C) states that the Court may appoint a special master to address "post-trial matters that cannot be addressed effectively and timely" by the district judge. Accordingly, pursuant to Rule 53 and by Order of the Court, Special Master Klees shall conduct interviews, review any relevant documents, and perhaps take sworn testimony, and then make recommendations with respect to the allocation of the fee award in this case. To assist in these endeavors, the Special Master may, with the consent of the Court, retain any necessary office space, purchase any office supplies and/or equipment, and employ staff and support personnel.

## III.    COMMUNICATIONS WITH THE PARTIES AND THE COURT

Rule 53(b)(2)(B) directs the Court to set forth "the circumstances – if any – in which the master may communicate *ex parte* with the court or a party." The Special Master in this proceeding may communicate *ex parte* with the Court, without notice to the parties, regarding

logistics and the status of his activities. The Special Master may also communicate *ex parte* with any party or any party's attorney without notice to the parties or the Court.

## IV. SPECIAL MASTER'S RECORD

Rule 53(b)(2)(C) states that the Court shall define "the nature of the materials to be preserved and filed as to the record of the master's activities." The Special Master in this proceeding shall maintain normal billing records of costs incurred and time spent on this matter with reasonably detailed descriptions of his activities.

## V. REVIEW OF SPECIAL MASTER'S ORDERS

Rule 53(b)(2)(D) directs the Court to state "the time limits, method of filing the record, other procedures, and standards for reviewing the master's orders, findings, and recommendations." Pursuant to Rule 53(g)(2), any party may file an objection to any report, ruling, or finding issued by the Special Master in this proceeding within 20 days of the date it was filed. The Court shall, as Rule 53(g) requires, review *de novo* all objections to such reports, rulings, or findings.

## VI. COMPENSATION

Rule 53(b)(2)(E) states that the Court shall set forth "the basis, terms, and procedure for fixing the master's compensation." Special Master Klees shall be compensated at the rate of $275 per hour. The Court will set aside an initial budget for the Special Master of $3.5 million from the $35 million fund currently in the registry of the Court. The Court will defer making a determination as to the allocation of the Special Master's compensation and expenses among the parties at this time. *See* Transcript dated April 20, 2007 at 15.

The Special Master shall incur only such fees and expenses as may be reasonably necessary to fulfill his duties under this Order or such other Orders as the Court may issue. The Special

868831v.1

Master shall submit itemized statements of fees and expenses to the Court on the first Monday of each month. The Court shall review these statements for regularity and reasonableness, and retain them for the record. The Special Master shall attach a summary statement to each of his itemized statements. If the Court determines that an itemized statement is regular and reasonable, the Court shall endorse the summary statement and direct payment from the Special Master's budget. The Special Master may also seek and obtain reimbursement for support personnel or overhead with the Court's approval.

New Orleans, Louisiana, this 24th day of April, 2007.

*[Signature]*
**UNITED STATES DISTRICT JUDGE**