UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PATRICK JOSEPH TURNER, ET AL. | * | CIVIL ACTION |
| Plaintiffs | * | NO. 05-4206 (All Cases) |
| | * | |
| VERSUS | * | SECTION "L", MAGISTRATE 2 |
| | * | |
| MURPHY OIL USA, INC. | * | Judge Eldon E. Fallon |
| Defendant | * | Magistrate Joseph C. Wilkinson, Jr. |

## MURPHY'S OPPOSITION TO WAYNE J. DUCHMANN'S MOTION AND ORDER TO OPT-OUT CLASS ACTION AND COMPLAINT

**MAY IT PLEASE THE COURT:**

This opposition memorandum is submitted on behalf of Defendant, Murphy Oil USA, Inc. ("Murphy"), in opposition to Wayne J. Duchmann's Motion and Order to Opt-Out Class Action and Complaint. Counsel for Murphy conferred with counsel for the Plaintiffs' Steering Committee ("PSC"), and the PSC joins in this filing and agrees with the following approach.

Through his most recent filings, Mr. Duchmann claims that he has not been afforded an opportunity to opt-out his mother's estate from the Murphy Class Action Settlement. However, Mr. Duchmann's mother's estate, like the rest of the class members, was provided sufficient notice, as well as, ample opportunity to opt-out of the Class Action at issue. Mr. Duchmann simply failed to take advantage of the opportunity to opt-out his mother's estate (assuming Mr. Duchmann has standing to do so), and as a result, his filings should be denied.

Undersigned counsel has received numerous communications from Mr. Duchmann since the Murphy oil spill; yet, Mr. Duchmann has never requested nor delivered an opt-out form. Furthermore, the Court-appointed disbursing agent, GRS, has never received an opt-out form from Mr. Duchmann.

-2-

The official opt-out deadline was June 1, 2006. The Court approved the Settlement Agreement on January 30, 2007. Thus, Mr. Duchmann's opt-out request comes fourteen (14) months after the opt-out deadline and six (6) months after the Settlement was approved. No lawsuit has been filed on behalf of the Duchmann estate and all prescriptive periods have expired. Put simply, Mr. Duchmann had ample opportunity and time to seek an opt-out of his mother's estate, but he failed to do so in a timely fashion.

Additionally, the Duchmann estate never submitted a proper proof of claim form on behalf of the class area property owned by Mr. Duchmann's mother at the time of the Hurricane Katrina. The failure to opt out and to properly submit a proof of claim form leaves the Duchmann estate with no recourse. Notwithstanding this situation created by Wayne Duchmann, the settling parties would be willing to allow the Duchmann family to participate in the available settlement benefits – compensation and buy-out – if the Duchmann estate submits a proper proof of claim form by August 15, 2007. Otherwise, Mr. Duchmann's current attempt to seek opt-out status, along with any other relief Mr. Duchmann seeks in his filings, should be denied.

Respectfully submitted,

**FRILOT PARTRIDGE, L.C.**

**LIAISON COUNSEL**

**KERRY J. MILLER (#24562)**
1100 Poydras Street Suite 3600
New Orleans, LA 70163
Telephone: (504) 599-8000
Facsimile:  (504) 599-8145

**GEORGE A. FRILOT (#5747)**
**ALLEN J. KROUSE, III (#14426)**
**PAUL C. THIBODEAUX (#29446)**

**And**

-3-

                              **DANIEL L. DYSART (#5156)**
                              **DYSART & TABARY**
                              Three Courthouse Square
                              Chalmette, LA 70043
                              Telephone: (504) 271-8011
                              Facsimile:   (504) 271-8020

                              **Attorneys for Defendant,**
                              **Murphy Oil USA, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that I have forwarded a copy of the above pleading to all counsel of record by electronic mail and/or by facsimile on this __7th__ day of __August__, 2007.

_____

85496