UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PATRICK JOSEPH TURNER, ET AL.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 05-4206** |
| | | **CONSOLIDATED CASE** |
| **MURPHY OIL USA, INC.** | * | **SECTION "L" (2)** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO CASE NO. 06-557**

**ORDER & REASONS**

Before the Court is Plaintiffs Tammy Bouvier and others' Motion for Partial Summary Judgment. (Rec. Doc. No. 521) For the following reasons, the motion is DENIED.

**I.      Factual and Procedural Background**

This case arises out of an oil spill at Defendant Murphy Oil USA, Inc.'s ("Murphy") refinery located in Meraux, Louisiana, caused by Hurricane Katrina. The Plaintiffs filed suit against Murphy in this Court alleging that Murphy's failure to follow its hurricane preparation procedures caused at least one oil tank to rupture during Hurricane Katrina and spill oil into St. Bernard Parish.

On August 23, 2006, the Plaintiffs' Steering Committee (the "PSC") filed a motion for partial summary judgment on the issue of Murphy's negligence. (Rec. Doc. No. 503) Specifically, the PSC argued that Murphy was negligent in its preparation for Hurricane Katrina by failing to fill an oil tank to 30% to prevent it from floating. The Plaintiffs here joined in the PSC's motion for partial summary judgment. In light of the settlement between the PSC and Murphy Oil, the Court denied the PSC's motion as moot. (Rec. Doc. No. 2059)

**II.     Law and Analysis**

Summary Judgment is granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if it "might affect the outcome of the suit under governing law[.]" *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). When considering a motion for summary judgment, the Court must review the facts "drawing inferences in a manner most favorable to the nonmoving party." *See General Universal Systems, Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004). A moving party must demonstrate an absence of genuine issues of material fact, meaning "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the party moving for summary judgment demonstrates such absence, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

Louisiana has adopted a duty-risk analysis to determine whether liability exists. *Paul v. Louisiana State Employees' Group Benefit Program*, 762 So.2d 136, 142 (La. App. Ct. 2000). The plaintiff must prove that the conduct was the cause-in-fact of the resulting harm, the defendant owed a duty to the plaintiff, the requisite duty was breached by the defendant, and the risk of harm was within the scope of protection afforded by the duty. *Id.* A negative answer to any of these inquires results in a determination of no liability. *Id.* The cause-in-fact inquiry is a factual question to be determined by the fact finder. *Id.* The disaster caused by Hurricane Katrina is the largest in the history of the United States, and there are genuine issues as to Murphy's alleged negligence including, but not limited to issues of whether Murphy's alleged

failure to comply with its hurricane preparation plan established the appropriate standard of care and whether Murphy's alleged failure to fill the tank to 30% was a cause of the Plaintiffs' injuries.  As a result, summary judgment is not appropriate at this time.

## III.     Conclusion

Accordingly, Plaintiffs' Motion for Partial Summary Judgement is DENIED.

New Orleans, Louisiana, this  26th day of September, 2007.

*[signature: Eldon E. Fallon]*

UNITED STATES DISTRICT JUDGE