UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PATRICK JOSEPH TURNER, ET AL.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 05-4206** |
| | | **CONSOLIDATED CASE** |
| **MURPHY OIL USA, INC.** | * | **SECTION "L" (2)** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

### ORDER

Before the Court is Wayne J. Duchmann's Ex Parte/Consent Motion and Order for Preliminary Injunction (the "Motion") (Rec. Doc. No. 2296). For the following reasons, the motion is DENIED.

This case arises out of an oil spill at Defendant Murphy Oil USA, Inc.'s ("Murphy") refinery located in Meraux, Louisiana, caused by Hurricane Katrina. Mr. Duchmann, who states that he is the Agent for the Estate of Grace Blanchard Duchmann, filed the instant motion on April 22, 2008.[1] While not entirely clear, it appears that Mr. Duchmann is seeking an injunction against Murphy Oil preventing them from purchasing from St. Bernard Parish a fire station located on Jacob Drive.

The Fifth Circuit has stated that "[i]njunctive relief is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir.

---

[1] The Court previously held that Mr. Duchmann had no standing to challenge its Order approving the Settlement Agreement. (Rec. Doc. No. 1072) Aside from his conclusory statements here, Mr. Duchmann has yet to establish that he has standing to pursue claims relating to the property owned by the succession of his mother's estate. However, for the sake of completeness, the Court will address the substance of Mr. Duchmann's motion.

1985).  The court may, in its discretion, grant a preliminary injunction if the moving party establishes four factors:

> (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) that the threatened injury outweighs any damage that the injunction may cause the opposing party; and (4) that the injunction will not disserve the public interest.

*Allied Marketing Group, Inc. v. CDL Marketing, Inc*., 878 F.2d 806, 809 (5th Cir. 1989) (internal citations omitted).

Mr. Duchmann's motion necessarily fails because he cannot show a substantial liklihood of success on the merits.  The sale of property that Mr. Duchmann seeks to enjoin has already taken place.  Accordingly, there is nothing to enjoin.

Accordingly, Wayne J. Duchmann's  Ex Parte/Consent Motion and Order for Preliminary Injunction is DENIED.

New Orleans, Louisiana, this 1st day of May, 2008.

_____
UNITED STATES DISTRICT JUDGE