UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PATRICK JOSEPH TURNER, ET AL.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 05-4206** |
| | | **CONSOLIDATED CASE** |
| **MURPHY OIL USA, INC.** | * | **SECTION "L" (2)** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

## ORDER

Before the Court is Dominic J. Gianna's Motion to Strike (Rec. Doc. No. 2371). For the following reasons the motion is GRANTED.

Several Plaintiffs' counsel who are seeking a portion of the common benefit fund have indicated that they plan to call Mr. Gianna, the Court appointed counsel to Special Master Judge Robert Klees, to testify during the hearing that the Special Master will hold regarding objections to his Preliminary Report. Mr. Gianna argues in his motion that he cannot be called to testify during the Special Master's hearing because to do so would violate the attorney-client privilege. The objectors, Mr. Val P. Exnicios and Mr. Michael G. Stag,[1] argue that the attorney-client privilege does not shield Mr. Gianna from testifying. The Court will not address counsel's arguments regarding attorney-client privilege and will decide this motion on other grounds.

Federal Rule of Evidence 605 states that "[t]he judge presiding at the trial may not testify in that trial as a witness. No objection need be made in order to preserve the point." Fed. R. Evid. 605. Additionally, several courts have held that policy considerations prevent a judge who is presiding over a trial from being called as a witness. This is so because "[t]he functions of a

---

[1] Mr. Exnicios and Mr. Stag are among the numerous Plaintiffs' counsel who are seeking a portion of the common benefit fund as their fees for their work in this litigation.

judge and a witness are incompatible and it is utterly impossible for one to exercise the rights of a witness and to perform the duties of a judge at one and the same time." *In re Evergreen Sec., Ltd.*, 2006 WL 3804674, *2 (Bankr. S.D. Fla. Oct. 30, 2006). Further, "[a] judge may not be compelled to testify regarding his mental processes used in formulating a decision, the reasons or motivations for performing official duties, or facts learned during the judicial process." *Id.* (citing *United States v. Morgan*, 313 U.S. 409, 422, 85 L. Ed. 1429, 61 S. Ct. 999 (1941); *Fayerweather v. Ritch*, 195 U.S. 276, 306-07, 49 L. Ed. 193, 25 S. Ct. 58 (1904); *Grant v. Shalala*, 989 F.2d 1332, 1344 (3d 1993); *United States v. Roth*, 332 F. Supp.2d 565, 568 (S.D.N.Y.2004)).

The Court finds that the policy considerations preventing a judge from testifying apply with equal weight to this situation. Several applicants seek to have Mr. Gianna testify at the upcoming hearing before the Special Master and the Court sees no other purpose in having Mr. Gianna testify other than having him testify as to the Special Master's mental process in formulating his allocation. To allow the applicants to force Mr. Gianna to testify would undercut the Special Master's ability to rely on the advice and counsel of Mr. Gianna in formulating his Final Report. The Court appointed Mr. Gianna to fulfill this exact duty. By way of example, the Court sees this situation the same as if an applicant sought to subpoena the Court's law clerk to testify, which courts have routinely held should generally not be allowed. *See, e.g. In re* U.S., 463 F.3d 1328, 1332 n4 (Fed. Cir. 2006) ("Judges, like Presidents, depend upon the open and candid discourse with their colleagues and staff to promote the effective discharge of their duties. There exists a qualified privilege protecting confidential communications among judges and their staffs in the performance of their judicial duties." (citations and alterations omitted)); *Terrazas v. Slagle*, 142 F.R.D. 136, 139 (W.D. Tex. 1992).

Accordingly, Dominic J. Gianna's Motion to Strike is hereby GRANTED and Mr.

Gianna is hereby STRUCK from the witness lists of Val P. Excinios, Darlene M. Jacobs, Walter C. Dumas, Michael G. Stag and Robert M. Becnel.

New Orleans, Louisiana, this 21st day of May, 2008.

_____
UNITED STATES DISTRICT JUDGE