**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


| | | |
|---|---|---|
| **PATRICK JOSEPH TURNER, ET AL.** | * | **CIVIL ACTION**<br>**NO. 05-4206** |
| **VERSUS** | * | **REF: 05-4746** |
| **MURPHY OIL USA, INC.** | * | **SECTION "L" (2)** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ORDER AND REASONS**

Before the Court is the Defendant's Motion for Summary Judgment (Rec. Doc. No. 2965). The Court has considered the parties' memoranda as well as the applicable law and is ready to rule  For the following reasons, Defendant's Motion for Summary Judgment is hereby DENIED.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, Darleen Jacobs Levy, filed suit on October 11, 2005 against Defendant Murphy Oil USA, Inc. ( "Murphy Oil") for property damages she allegedly incurred as a result of an oil spill in St. Bernard Parish, Louisiana that occurred during the week following the landfall of Hurricane Katrina in 2005.[1]  On September 3, 2005, Murphy Oil notified the federal government that an oil spill had been detected at their Meraux Refinery in St. Bernard Parish.  According to Defendant, approximately 25,110 barrels of crude oil escaped from a 250,000-barrel above-

---

[1] The Court furnishes this factual and procedural background to provide context only. The statements in this section should not be construed as findings of fact.

ground storage tank ("Tank 250-2") on Murphy Oil's property.[2]  Some of this oil traveled into

the neighborhoods surrounding the refinery.  On January 30, 2006, this Court certified a class

consisting of members living or owning property or businesses in the following area:

> Beginning north, from the 40 Arpent Canal with its intersection in
> the west at Paris Road in Chalmette, Louisiana, and traveling along
> Paris Road in a southerly direction to its intersection with St.
> Bernard Highway, then heading east from this intersection along
> St. Bernard Highway to Jacob Drive, then heading north along
> Jacob Drive to the intersection with East Judge Perez Drive, then
> heading east along East Judge Perez Drive to its intersection with
> Mary Ann Drive, then heading north along Mary Ann Drive to the
> 40 Arpent Canal.

Plaintiff is a homeowner outside of the class area boundary. Plaintiff's property is located

southeast of the refinery at 5807 E. Judge Perez Drive.

Plaintiff alleges that after the flood waters from Hurricane Katrina had receded, her

property was covered with oily scum as a result of the flood waters having been contaminated

with oil. Plaintiff claims that the oil came from the Defendant's refinery because there was no

other oil spill at that time from which the oil would have come.

## II.  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On July 27, 2010, Defendant filed the present Motion for Summary Judgment. Defendant

argues that there is affirmative evidence to show that Plaintiff's property was not damaged by

their oil spill, and thus that there is no genuine issue of material fact.

In response, Plaintiff alleges that her property did incur damages due to Defendant's oil

spill. Plaintiff submits an affidavit from a proposed expert, Jack Ferrill, stating that in the wake

---

[2]  Both Plaintiffs and Defendant have submitted evidence supporting their theories of
how this spill occurred.  However, causation is not an issue before the Court at this time; thus,
the Court renders no opinion regarding the Defendant's negligence, fault, or lack thereof.

of the spill, oil was found on Plaintiff's property. Plaintiff contends that this establishes a genuine issue of material fact appropriate for trial.

## III. LAW & ANALYSIS

### A.    Standard of Review

A district court can grant a motion for summary judgment only when the "'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56 (c)).  When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).  The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (citing *Celotex*, 477 U.S. at 322 - 24, and Fed. R. Civ. P. 56(e)).  The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion.  *See Anderson*, 477 U.S. at 247-48.  "If the evidence is merely colorable, or is

not significantly probative," summary judgment is appropriate. *Id.* at 249 - 50 (citations omitted).

**B.     Defendant's Motion for Summary Judgment**

Although Defendant moves for summary judgment alleging that there is no genuine issue of material fact as to the existence of Murphy oil in Plaintiff's home, Plaintiff's affidavit from Jack Ferrill supports the presence of oil. Ferrill states he found oil contaminated residue on Plaintiff's property after the flood waters receded.[3]

Defendant argues that this Court's setting of a class boundary and the EPA's establishment of an area of concern, both of which did not include Plaintiff's property, are dispositive evidence that Plaintiff's property had no contamination and that Plaintiff has no claim.

In granting class certification in 2006, this Court explicitly stated that,

it is important to note that the above-stated class definition does not end the Court's involvement in this issue. The fact that a particular plaintiff resides outside the class area does not preclude that plaintiff from bringing an individual suit. Conversely, the fact that a plaintiff resides in the class area does not automatically entitle him or her to recovery. [4]

Accordingly, this Court's previous findings relating to the certified class are not binding upon an individual choosing to file suit outside of the class. Further, the fact that the EPA designated an area of concern not including Plaintiff's property does not affirmatively indicate that the property was not contaminated. Murphy Oil has not met their burden of showing that no genuine issue of material fact exists in this matter.

---

[3]Rec. Doc. No. 2967-1, at 2 (Exhibit A).

[4]Rec. Doc. No. 226, at 30.

### III.  CONCLUSION

Accordingly, Defendant's  Motion for Summary Judgment (Rec.Doc.2965) is hereby

DENIED.

New Orleans, Louisiana, this <u>16th</u> day of August, 2010.


_____
UNITED STATES DISTRICT JUDGE