IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PATRICK JOSEPH TURNER, ET. AL. | * | CIVIL ACTION NO. 05-4206 |
| Plaintiffs | * | Case no. 05-4746 |
| | * | |
| VERSUS | * | SECTION "L" |
| | * | |
| MURPHY OIL USA, INC. | * | MAGISTRATE "2" |
| Defendant | * | |

**REPLY IN SUPPORT OF DEFENDANT'S
MOTION TO EXCLUDE EXPERT TESTIMONY OF
ANTHONY ALBERT, KEITH THERIOT, AND SANDRA LASSEIGNE**

Murphy Oil's Motion *In Limine* seeks to ensure that the procedural safeguards contained in FRCP 26 are followed by Plaintiff. In this reply, Defendant Murphy Oil USA, Inc. ("Murphy") has no interest in duplicating all of the arguments previously made in support of its motion. But Plaintiff's opposition contains several misrepresentations which Murphy wishes to briefly address below.

**1. Because this case will be tried by a jury, the threat of prejudice is real.**

Plaintiff argues that, while the expert testimony of Albert and Theriot might be prejudicial, there is no threat of actual prejudice to Murphy because "this matter is set as a Judge trial."[1] Plaintiff requested a jury trial in her Complaint, and Murphy's counsel has been laboring under the assumption that this case will be tried before a jury. Should Plaintiff choose to waive the right to jury trial, Murphy has no objection. But if a jury is going to make factual determinations in this case, then the threat of prejudice to Murphy is real and should not be ignored. Because the threat of prejudice is high, the Court should strike both Albert and Theriot because they failed to comply with the requirements of Rule 26 as outlined in Murphy's Memorandum in Support.

**2. There are serious disputes as to whether Albert is an expert and the extent to which he can testify.**

---

[1] Dkt. 3015, Plaintiffs' Memorandum in Opposition to Murphy's Motion in Limine, pg. 4.



**EXHIBIT**

A

Plaintiff claims that Albert's status as an expert in the fields of chemical analysis of water is undisputed, and that he is qualified to determine the presence of oil on Plaintiff's property.[2]  However, Murphy has never been provided any materials indicating that Albert is an expert in those fields.  Furthermore, Albert's testing did not "determine the presence of oil on Plaintiffs' property."[3]  Albert's report simply contains the data produced following the testing of plaintiff's sample.  Albert is in no position to opine as to the meaning or source of that data.

### 3.    Plaintiff provides the Court with no justifications for omitting the information required by Rule 26(a)(2)(B) as it pertains to Albert.

Plaintiff's claims that Albert should not be excluded because Murphy did not provide Rule 26(a)(2)(B) qualifications for its expert witnesses, and that Plaintiff is now therefore excused from doing so herself.  This argument, however, is false and attempts to mislead the Court.  In fact, Murphy provided all Rule 26 disclosures to Plaintiffs when it produced the expert reports of Dr. Scott Stout and Dr. Robert Sproles on October 24, 2010.  Murphy also supplemented Dr. Sproles Rule 26(a)(2)(B) information by letter dated November 10, 2010.[4]

Plaintiff also attempts to justify non-compliance with Rule 26 by claiming that Albert was not "retained" or "specifically employed" to give his opinions.  However, Albert appears to have both examined data and opined as to the results of that data in a report provided to Plaintiff.[5]  Any arguments that Albert did that work without being employed or retained are implausible.

---

[2] *Id.* at pg. 7-8.
[3] *Id.* at pg. 8.
[4] *See* Dkt. 3009-4, Exhibit "C" to Murphy's Motion to Exclude Expert Testimony of Jack Ferrill.
[5] *See* Report of Anthony Albert, Dkt. 3010-2, Exhibit A.

**4.    Despite Plaintiff's statement that it is undisputed that oil was found on plaintiff's property, Murphy disputes that it's oil was on plaintiff's property.**

Plaintiff's assertion that oil was "undisputedly found on Plaintiffs' premises"[6] is a fabrication. Since the inception of this case, Murphy has denied that there was any oil on Plaintiff's property, and it continues to do so today.

**5.    Murphy has always asserted that Plaintiff cannot identify the substance supposedly found on the property.**

Murphy has never argued that Plaintiff should not be able to present evidence that oil was on her property or evidence as to the source of the alleged oil.[7] What Murphy has consistently argued, and does so again today, is that Plaintiff cannot positively identify any supposed substance found on the property as Murphy oil.

## CONCLUSION

Plaintiff failed to provide the information required by Rule 26(a)(2)(B). No justification was ever provided for these material omissions. Based on those facts and on the arguments made in its motion and this reply brief, Murphy prays that its motion be granted.

---

[6] Dkt. 3015, pg. 9.
[7] *Id.* at pg. 8.

Respectfully Submitted,

/s/ Kyle A. Spaulding
KERRY J. MILLER (#24562)
**FRILOT L.L.C.**
1100 Poydras Street Suite 3600
New Orleans, LA  70163
Telephone: (504)599-8000
Facsimile:  (504)599-8145
E-mail:  KMiller@frilotpartridge.com

**FRILOT L.L.C.**
KYLE A. SPAULDING (#29000)
PAUL C. THIBODEAUX (#29446)
1100 Poydras Street, Suite 3600
New Orleans, Louisiana 70163
Telephone:  (504) 599-8000
Facsimile: (504) 599-8100

DANIEL L. DYSART  (#5156)
DYSART & TABARY
3 Courthouse Square
Chalmette, LA 70043
Telephone: (504) 271-8011
Facsimile:  (504) 648-0255

**Attorneys for Defendant, Murphy Oil
USA, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2010, I electronically filed the foregoing

with the Clerk of Court by using the CM/ECF system which will send a notice of filing to

all counsel accepting electronic notice.

/s/ Kyle A. Spaulding