UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PATRICK JOSEPH TURNER, ET AL | * | CIVIL ACTION NO. 05-4206 |
| | * | CONSOLIDATED CASE |
| VERSUS | * | **05-4746** |
| | * | SECTION "L" (2) |
| MURPHY OIL USA, INC. | * | |

**SUR-REPLY MEMORANDA IN OPPOSITION TO DEFENDANT'S MOTIONS TO EXCLUDE EXPERT TESTIMONY OF ANTHONY ALBERT and KEITH THERIOT**

**MAY IT PLEASE THE COURT:**

First, this is a jury trial, not a judge trial.  The jury may accept or reject the opinion of any expert or other witness.  The Court has previously been provided with enough information to allow these witnesses to testify, both as fact, and as expert witnesses in this case.  They will testify as to the actual testing that was performed on the plaintiff's property, and as to what the results were.  That is factual information that it admissible and cannot be excluded.  In addition, these witnesses were not hired as witnesses in any capacity.  They were hired to do their respective jobs.  Plaintiff intended to clean and rebuild her property irrespective of any lawsuit or litigation.  Plaintiff has cleaned and rebuilt her property.  The fact that Murphy Oil contaminated plaintiff's property makes them responsible for damages.  But even if there was to be no lawsuit, plaintiff still would have and did rebuild.  Albert and Theriot, like Jack Ferrill, were hired to do the jobs that they do every day.  They did those jobs for Jacobs in this case.  Their work experience alone qualifies them to testify as experts in their respective fields.  The fact that they have also provided "reports" to the defendant does NOT mean that they were "retained or

1

specially employed" by plaintiff in this case.  They were not.  Therefore Rule 26 does not apply at all.  In any event, even if they had been hired as such (which they clearly were not), the information provided by Jacobs suffices for the circumstances of this case under Rule 26.

This Honorable Court must allow Albert to testify in this case.  He and his company did actual testing of Jacobs property, collected samples, brought those samples back to his laboratory (Acculab), performed scientific tests on the samples, recorded the data simultaneously, and then disposed of those samples for health reasons.  They cannot keep the actual samples.  The defendant may challenge Mr. Albert and his test results on cross-examination.  That is what cross-examination is for.  This Court can rule on the objections as questions are posed at trial.  It would be grounds for a new trial for the Court to simply exclude Albert's testimony without hearing it first.  As shown in plaintiff's original opposition, Albert is qualified to give the testimony that is indicated in his tests.  The same rationale applies to Keith Theriot.  He can testify about the actual samples that he collected, the tests that were performed by him and his company, Southern Tank Testers, and what those test results showed.  As to any "opinion" testimony, the Court can rule from the bench as questions are posed.  At this time, the Court hasn't even heard a single question yet.  It would be premature, at best, for the Court to strike the entirety of Theriot's testimony without knowing what the extent of it will be.

Third, Jacobs did provide all available information in letter to counsel for Murphy, and that information was attached to Jacobs' original opposition filed herein.  Jacobs provided as

2

much information as the defendants did with respect to its experts. Neither Albert nor Theriot (nor Jack Ferrill), have list of cases or fee schedule. They were NOT retained or specially employed by plaintiff to testify as experts in this case, as discussed above.

Fourth, it is undisputed that there was oil on Jacobs' property. What Murphy disputes is plaintiff's contention that it came from Murphy. Since Murphy does dispute this, plaintiff has the right to present all evidence which supports her position, including all of the actual testing of soil samples on Jacobs' property, and the testimony of Albert and Theriot. Since Murphy contests that it was their oil, Jacobs can and must be allowed to show not only the samples, but also the tests of her own oil tanks (performed by Theriot), which show that the oil did not come from Jacobs' tanks. There are no other sources of oil in the area. However, defendant is free to make any argument to the jury that it would like. The presentation of Albert and Theriot's testimony does not preclude any argument or cross-examination that the defendant's seek to conduct.

For all of the foregoing reasons, and for the reasons cited in plaintiff's original opposition

3

memorandum previously filed herein, plaintiff moves this Court to deny the defendant's motions

to exclude the expert testimony of Anthony Albert, Keith Theriot, (and Jack Ferrill).

Respectfully submitted,


_/s/ Darleen M. Jacobs_____
DARLEEN M. JACOBS, ESQ. (7208)
823 St. Louis Street
New Orleans, Louisiana 70112
(504) 522-0155 & (504) 522-3287

Counsel for Complainant
DARLEEN JACOBS LEVY


CERTIFICATE OF SERVICE

_____I hereby certify that a copy of the above and foregoing pleadings have been served upon all counsel of record by depositing the same in the U.S. Mail, postage prepaid and properly addressed, this __14TH___day of __DECEMBER 2010.

_/s/ Darleen Jacobs_____
DARLEEN JACOBS