UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PATRICK JOSEPH TURNER ET AL.** | * | **CIVIL ACTION** |
| | * | **NO. 05-4206** |
| **VERSUS** | * | |
| | * | **REF. NO. 05-4746** |
| | * | |
| **MURPHY OIL USA, INC.** | * | **SECTION "L"(2)** |

## ORDER & REASONS

Before the Court is a Motion for Partial Summary Judgment (Rec. Doc. No. 3011) filed by Defendant Murphy Oil USA, Inc. The Court has reviewed the submitted memoranda as well as the applicable law and is ready to rule. For the following reasons, the motion is granted.

## I. BACKGROUND AND PRESENT MOTION

This case arises out of property damages allegedly sustained as a result of an oil spill in St. Bernard Parish, Louisiana, shortly after the landfall of Hurricane Katrina in 2005.[1] On September 3rd of that year, Defendant notified the federal government that an oil spill had been detected at its Meraux refinery. According to Defendant, approximately 25,110 barrels of crude oil escaped from a 250,000-barrel above-ground storage on its property. Some of this oil traveled into the neighborhoods surrounding the refinery.

At all relevant times, Plaintiff Darlene Jacob Levy owned property located at 5807 Judge Perez Drive, Violet, Louisiana. She alleges that after the flood waters from Hurricane Katrina receded, her property was covered with oily scum. On October 11, 2005, Plaintiff filed suit against Defendant in this Court. Thereafter, her suit was consolidated with the numerous other

---

[1] The Court furnishes this factual and procedural background to provide context only. The statements in this section should not be construed as findings of fact.

1

cases that were also filed against Defendant in connection with the oil spill. On January 30, 2006, this Court certified a class consisting of members living or owning property or businesses within a certain area around the refinery. Plaintiff's property falls outside of that area. Plaintiff has maintained this action, seeking to recover damages that her property has sustained.

Defendant has filed a motion for partial summary judgment with respect to one possible measure of damage in this case – the diminution in value of Plaintiff's property. Defendant argues that Plaintiff has thus far not identified any evidence regarding the appraised value of her property following the incident and that accordingly, summary judgment as to this measure of damage should be granted in its favor. Plaintiff opposes the motion. In her opposition, she states that she is a licensed real estate broker and that she will testify as to the diminution in property value. She also identifies Mr. Jack Ferrill as an expert who will provide testimony on that issue.

## II. LAW AND ANALYSIS

### 1. Standard of Review

A district court can grant a motion for summary judgment only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986)).

"If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion. *See Anderson*, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249-50 (citations omitted).

**2. Evidence of the Alleged Diminution in Property Value**

Under Louisiana law, which applies in this case under *Erie R.R. v. Tompkins*, 304 U.S. 64, 78-80 (1938), an individual whose property has been damaged by the tortious act of another is entitled to be put "in the position that he would have occupied if the injury complained of had not been inflicted on him." *Coleman v. Victor*, 326 So.2d 344, 346 (La. 1976) (quoting *Lambert v. Am. Box Co.*, 81 So. 95, 98 (La. 1919)). The Louisiana Supreme Court has explained that under this general principle, two different measures of damages are available: "when a person sustains property damage due to the fault of another, he is entitled to recover damages including the cost of restoration that has been or may reasonably be incurred, or, at his election, the difference between the value of the property before and after the harm." *Roman Catholic Church of Archdiocese of New Orleans v. La. Gas Serv. Co.*, 618 So.2d 874, 879 (La. 1993).[2]

---

[2] In certain circumstances, a landowner may have only one measure of damage available: if "the cost of restoring the property in its original condition is disproportionate to the value of the property or economically wasteful, unless there is a reason personal to the owner for restoring the original condition or there is a reason to believe that the plaintiff will, in fact, make the repairs, damages are measured only by the difference between the value of the property

In this case, Defendant argues that Plaintiff must be precluded from seeking damages amounting to the diminution in value of her property because she has not adduced any evidence regarding the amount by which her property allegedly depreciated after the oil spill. Defendant has the correct argument. The appraised value of real property is generally a subject that requires testimony by an expert witness, *see Thomas v. Barton Lodge II, Ltd.*, 174 F.3d 636, 651 (5th Cir. 1999), who can deploy "his knowledge of the property and of the real estate market in which it is situated, as well as his evaluating skill and experience'" as a real estate professional. *Whitehouse Hotel Ltd. P'ship v. Comm'r of Internal Revenue*, 615 F.3d 321, 330 (5th Cir. 2010) (quoting *United States v. 60.14 Acres of Land*, 362 F.2d 660, 668 (3d Cir. 1966)).

In the absence of such an expert, the owner of real property "may testify as to [the] value [of her property], whether assessed as of the time of trial or at some definitive point in the past." *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1050-51 (5th Cir. 1998); *accord LaCombe v. A-T-O,* Inc., 679 F.2d 431, 434 (5th Cir. 1982) (noting that "the opinion testimony of a landowner as to the value of his land is admissible without further qualification . . . because of the presumption of special knowledge that arises out of ownership of the land" (quoting *United States v. 329.73 Acres of Land*, 666 F.2d 281, 284 (5th Cir. 1982))). Such testimony is to be deemed admissible as expert testimony under Rule 702 of the Federal Rules of Evidence. *LaCombe*, 679 F.2d at 434 n.4; *see also* Fed. R. Evid. 702 advisory committee's note (noting that the term "expert" encompasses "the large group sometimes called [of] 'skilled' witnesses, such as . . . landowners testifying to land values").

Plaintiff in this case has thus far not adduced either of these types of evidence in advance

---

before and after the harm." *Roman Catholic Church*, 618 So.2d at 879.

of trial. In opposition to Defendant's motion, Plaintiff has identified herself and Mr. Ferrill as witnesses that will testify as to the damages to the property that is at issue. But she has not otherwise furnished a report by Mr. Ferrill or by her that specifies the alleged diminution in property value or the method that either of them would use to arrive at a particular figure. There is also no affidavit, deposition testimony, documentary evidence, or other relevant evidence on that measure of damage. There is, in other words, a "complete absence of proof" regarding the alleged diminution in value, even though "ample time has been allowed for discovery." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

As the Supreme Court has noted, "the purpose of Rule 56 is to enable a party . . . to demand at least one sworn averment of [a] fact [essential to the opposing party's case] before the lengthy process of litigation continues." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990). In this case, no such statement has been produced with respect to the alleged diminution in property value. Under these specific circumstances, it is clear that Defendant's motion for partial summary judgment must be granted. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (holding that where the nonmoving party bears the burden of proof at trial, "the burden [under Rule 56] on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case"); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994) ("If, after adequate time for discovery, a party cannot produce proof that it has facts to support its case, then the case should be resolved at that point."). The measure of damages in this case shall be limited to the cost of restoration. *See Roman Catholic Church*, 618 So.2d at 879.

## III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment (Rec. Doc. No. 3011) is hereby **GRANTED**.

New Orleans, Louisiana, this 30th day of December, 2010.

_____
UNITED STATES DISTRICT JUDGE