**MINUTE ENTRY**
**FALLON, J.**
**JANUARY 7, 2011**

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PATRICK JOSEPH TURNER ET AL.** | * | **CIVIL ACTION** |
| | * | **NO. 05-4206** |
| **VERSUS** | * | |
| | * | **REF. NO. 05-4746** |
| | * | |
| **MURPHY OIL USA, INC.** | * | **SECTION "L"(2)** |

A pre-trial conference was held on this date in the Chambers of Judge Eldon E. Fallon. Darleen Jacobs Levy and Rene Lovelace participated on behalf of Plaintiff, and Kyle Spaulding participated on behalf of Defendant. The Court, having reviewed the submitted memoranda and applicable law, addressed several motions.

The Court finds that Defendant has not demonstrated the prejudice that warrants the exclusion of testimony by Mr. Albert and Mr. Theriot under Rule 37(c)(1) of Civil Procedure. *See Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003). The reports of the two individuals were made available to Defendant in August, and both have been available for deposition. The Court also notes that Plaintiff has clarified that Ms. Lasseigne will, if called, serve as a fact witness. Accordingly,

**IT IS ORDERED** that Defendant's Motion in Limine to Exclude the Expert Testimony of Anthony Albert, Keith Theriot, and Sandra Lasseigne (Rec. Doc. No. 3010) is hereby **DENIED** in part and **DENIED AS MOOT** in part.

The Court finds that as a general construction contractor, Mr. Ferrill is not qualified to

1

JS10(00:30)

render an expert opinion under Rule 702 of Evidence on the subject of oil traveling from Defendant's property to Plaintiff's property and thus must be precluded from testifying on the issue of causation. *See Wilson v. Woods,* 163 F.3d 935, 937 (5th Cir. 1999). Mr. Ferrill may, however, testify as to the amount of water on Plaintiff's property, the amount of time during which the water remained on the property, and the costs of repairs. The Court also finds that Defendant has not demonstrated the prejudice warranting the exclusion of Mr. Ferrill's testimony. Accordingly,

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine to Bar the Expert Testimony of Jack Ferrill (Rec. Doc. No. 3009) is hereby **GRANTED IN PART** and **DENIED IN PART** as set forth above.

The Court also considered the Motion for Leave to File Amendment to Pre-Trial Order (Rec. Doc. No. 3047) and the Objection as to Matthew Dobbins (Rec. Doc. No. 3052). The Court finds that it is proper to allow Plaintiff to add Defendant's responses to discovery on the list of Plaintiff's exhibits to which Defendant objects, but that it would be improper to add the entire record of the master case, *Turner v. Murphy Oil USA, Inc.*, on that list. The Court also notes that Matthew Dobbins is listed as a witness in the proposed pre-trial order jointly submitted by Plaintiff and Defendant. Accordingly,

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Amendment to Pre-Trial Order (Rec. Doc. No. 3047) is hereby **GRANTED IN PART** and **DENIED IN PART** as set forth above.

**IT IS FURTHER ORDERED** that Plaintiff's Objection as to Matthew Dobbins (Rec. Doc. No. 3052) is hereby **OVERRULED**.

At the conference, the parties discussed the upcoming trial.

**IT IS ORDERED** that the parties' proposed pre-trial order (Rec. Doc. No. 3046) is hereby **ACCEPTED AND ADOPTED** with the modifications set forth in this minute entry.

**IT IS FURTHER ORDERED** that the following dates shall apply:

The jury trial is scheduled to begin on **Tuesday, January 18, 2011 at 8:30 a.m** and is expected to take two to three days. Counsel shall report to Chambers at **8:00 a.m.**

The following documents are to be <u>filed electronically with the Court</u> no later than **Wednesday, January 12, 2011**:

(a) Proposed special voir dire;

(b) Proposed jury instructions;

(c) Proposed verdict forms;

(d) Motions in limine.

The following documents are to be <u>delivered to Chambers</u> no later than **Wednesday, January 12, 2011**:

(a) Deposition testimony;

(b) Bench books (one book of joint/not-objected-to exhibits; one book of Plaintiff's objected-to exhibits; one book of Defendant's objected-to exhibits);

(c) Objections to exhibits;

(d) Objections to deposition testimony.

The following documents are to be <u>delivered to Chambers</u> no later than **Thursday, January 13, 2011**:

(a) Responses to objections to deposition testimony;

(b) Responses to objections to exhibits.

Memoranda in opposition to motions in limine are to be <u>filed electronically with the Court</u> no later than **Thursday, January 13, 2011**.

The Court's electronic equipment shall be available for the parties' use. The parties **MUST** contact the Courtroom Deputy, Gaylyn Lambert, 589-7686, **on or before Thursday, January 13, 2011**, regarding the use of the electronic equipment.